## HALLIDAY v. DIEHM.

*Breach of contract — Action does not lie, when — Sale of real estate — Repudiation by purchaser — Seller holds merely an option.*

A party who has no title to a certain piece of real estate, but holds merely an option thereon, given without consideration, by entering into a contract for the sale of such property to a third party, does not thereby obtain such rights that upon prompt repudiation of the contract by such third party he may, without tender of a deed and without acquiring any title to such property, sue and recover from such third party damages as for a breach of such contract.

(Decided February 7, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Reed, Meals & Eichelberger* and *Messrs. Turney, Olds & Sipe,* for plaintiff in error.

*Messrs. Squire, Sanders & Dempsey,* for defendant in error.

DUNLAP, J. We think that in the final analysis the sole question for our determination in this case is:

"Can a person who has no title to a certain piece of real estate, and who has merely an option to buy the same, given without consideration, by entering into a contract with a third party for the sale to such third party of such property thereby obtain such rights that upon prompt repudiation of the contract by said third party he may without tender of a deed and without ever acquiring any title to the property sue and recover from the third party damages as for a breach of said contract?"

No authorities are cited to us which we regard as maintaining the affirmative of this proposition. We are familiar with the general holding that the owner of property need not, upon absolute refusal of a person with whom he has made a binding contract of sale, do the vain and useless thing of tendering a deed or other performance, but the basis for this holding is the readiness, willingness and ability to perform. The tender or performance is excused because of its uselessness. The proof of ability to perform, coupled with an expressed willingness, and the absolute refusal of the other party, are sufficient to make out the case. But the refusal alone, without proof of ability, readiness and willingness, or without proof of tender or performance, will not make out a case. This, we believe, is in accordance with the most fundamental principles of the law of contracts. We think it is fundamental that before a party to an executory contract can recover for a breach he must prove his own readiness, willingness and ability to perform his part of the contract. Such showing of readiness, willingness and ability is not excused by a mere proof of a repudiation of the contract by the other party, upon the theory that this showing would be a vain thing. It is only the tender of performance when the other elements are present that constitutes the vain thing.

Any other holding than this would, we think, be against both public policy and good morals. Any impecunious but plausible person with ability simply to obtain colorable options could make contracts for the sale of almost any property and take

the gambler's chance that always exists that before the day for the completion of the transaction either the other man would "back out," thereby relieving him from any embarrassing disclosures and giving him an opportunity for a lawsuit, or that he might be able to induce the owner to carry out the terms of his daring contract from which he might reap possible profits.   In either event he would have undertaken to perform with certainty something then out of his power to perform, and which only good fortune could enable him to perform.   Shall he, under such circumstances, be permitted to recover under his contract, simply upon proof of its repudiation by the other party, without proof of any tender of performance upon his part?

This court is unanimously of the opinion that such is not the law.   In our opinion the covenants in the contract in this case were mutual covenants or provisions, and the proof is insufficient unless it reveals a tender of performance upon the part of the plaintiff.   Until such time there is no breach of the contract of which he can take advantage.

That this is the law seems to us to be clearly indicated by the very early cases of *Webb* v. *Stevenson,* 6 Ohio, 283, and *McCoy's Admrs.* v. *Bixbee's Admrs.,* 6 Ohio, 310, apparently followed in the more recent case of *Raudabaugh* v. *Hart,* 61 Ohio St., 73.   It is also the doctrine of the text-books.   Thus in 39 Cyc., page 1983, the law is stated as follows:

"A vendor, in order to recover for a breach of contract by the purchaser, must himself have been able and ready to perform his part of the contract * * *.   Notwithstanding the circumstances may be

such as to obviate the necessity of an actual tender or offer of performance, this fact does not dispense with the necessity of an ability and readiness on the part of the vendor to perform."

Again at page 2095, 39 Cyc., it is said:

"The complaint must allege or show an ability and willingness on the part of plaintiff to perform his part of the contract, even where an actual performance or tender is unnecessary; and where an actual performance or tender is a condition precedent, it must be alleged, it not being sufficient in such cases to allege merely a readiness and willingness to perform."

Applying what we think are the fundamental principles of the law of contracts to the facts in the case at bar, we reach the conclusion that the judgment of the court below should be affirmed.

*Judgment affirmed.*

GRANT and WASHBURN, JJ., concur.